**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-6174**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RICHARD CONLEY, JR.,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:11-cr-00037-JPJ-PMS-2)

─────────────

Submitted:  July 29, 2024                                    Decided:  August 6, 2024

─────────────

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Mary Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Richard Conley, Jr., appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. In his motion, Conley maintained that he is the only person available to take care of his wife, Melissa Conley ("Melissa"), who has battled a chronic and progressive form of appendix cancer for the past two decades. *See* U.S. Sentencing Guidelines Manual § 1B1.13(b)(3)(B) (2023) (recognizing "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse" as a basis for compassionate release). In denying relief, the district court found that Conley and Melissa's two adult sons are also available to take care of Melissa. Because the court did not clearly err in reaching this conclusion, we affirm.

To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a district court must find: (1) that "extraordinary and compelling reasons warrant such a [sentence] reduction"; (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that "the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). We review the district court's denial of compassionate release for abuse of discretion. *United States v. Centeno-Morales*, 90 F.4th 274, 280 (4th Cir. 2024). Factual findings, however, are reviewed only for clear error. *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016) (stating standard in context of 18 U.S.C. § 3582(c)(2) motion). Under that standard, we will reverse only "if we are left with the definite and firm conviction that

a mistake has been committed." *United States v. Gross*, 90 F.4th 715, 722 (4th Cir. 2024) (internal quotation marks omitted).

On appeal, Conley argues that the district court failed to appreciate that his sons' jobs prevent them from providing their mother with around-the-clock care. However, the record does not establish that Melissa requires constant care, nor does it indicate when the sons are at work. Undoubtedly, Melissa's condition is serious, her needs are great, and the sons' employment makes them intermittently unavailable to assist their mother with the activities of daily living. But without evidence substantiating that Melissa needs 24-hour care, and that the sons and other family members are unable to provide it, we cannot conclude that the district court clearly erred in finding that Conley is not the only available caretaker.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*